IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CRAIG KINARD,
    Plaintiff
    v.
CORRECTIONS OFFICER STRECZYWILK,
CORRECTIONS OFFICER PAULSON,
    Defendants

Case No. 3:13-cv-142-KRG-KAP

## Report and Recommendation

### Recommendation

Plaintiff filed a complaint alleging that the defendants violated his civil rights. I recommend that it be dismissed for failure to prosecute, and in the alternative that defendants' motion for summary judgment, docket no. 35, be granted.

### Report

In July 2013 plaintiff Kinard, a prison inmate, filed a complaint alleging that several employees of the Pennsylvania Department of Corrections violated his civil rights by responding improperly to an attack on plaintiff by his cellmate, Allen, on January 16, 2012, and by inadequately processing his grievances submitted over the incident. By November 2013 the defendants named only because of their participation in the Pennsylvania Department of Corrections administrative remedy system were dismissed, and by October 2014 the plaintiff had filed an amended complaint naming the two individual John Doe defendants who allegedly walked away leaving plaintiff Kinard in handcuffs to be assaulted for "5-10 minutes" by Allen.

After identification of the defendants and the filing of another Amended Complaint at docket no. 24, I issued a Rule 16 order that stated in part:

> Dispositive motions (motions for summary judgment) shall be filed with a memorandum in support and responded to by the opposing party within twenty days.

docket no. 34. Defendants filed a timely motion for summary judgment, docket no. 35, supported by a brief, docket no. 36, appendix, docket no. 37, statement of facts, docket no. 38, and a videotape of the area in which the events of January 16, 2012 took place, docket no. 39, showing that events did not take place as alleged in the complaint. Plaintiff has not replied in the past 6 months.

Given the uncontroverted account submitted by defendants, this was a sudden attack by Allen that was dealt with by the corrections officers on duty within approximately 34 seconds, a delay that was, according to defendants' unrefuted account, due to the need to assemble enough officers to safely respond to the attack. Even if an altercation between two cellmates is a genuine assault and not a ruse to lure a corrections officer into a hostage-taking opportunity, it is not unreasonable for officers to respond only when they have enough officers present to do so without undue risk to themselves. See Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir.2002)(liability requires a **reasonable** opportunity to intervene). As defendant Paulson points out - defendant

2

Streczywilk was, contrary to plaintiff's allegations (but consistent with the account allegedly given to plaintiff by defendant Streczywilk in ¶20 of the Amended Complaint), not even present during the initial phase of the incident - given Allen's combativeness even with additional officers responding Paulson was injured subduing Allen.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir.1984), the Third Circuit set forth six factors to consider in recommending dismissal of a case as a sanction for failure to prosecute: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) any history of delay; (4) whether the conduct of the party or attorney at fault was willful or in bad faith; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Weighing the Poulis factors to the extent appropriate, I conclude that dismissal of the complaint with prejudice is the appropriate sanction. Although not all the factors relevant to the Poulis balancing test weigh in favor of dismissal, that is not necessary. Hicks v. Feeney, 850 F.2d 152 (3d Cir.1988).

Here, the plaintiff is proceeding *pro se* and is therefore solely responsible for any lack of action to advance his case. It is unlikely that plaintiff has deliberately taken no action for the purpose of delaying his case: it is more likely that plaintiff, confronted by the videotape, has nothing to support his theory of

3

the case. It is unknown whether any particular prejudice has resulted to the individual defendants; although the videotape should not decay it is generally to be expected that memories dim as time goes on, and delay also increases the cost of defense to defendants even if the financial cost is ultimately borne by the taxpayers. Alternative sanctions such as monetary penalties are inappropriate with indigent plaintiffs. The merits of the claim appear to be zero.

No human institution is without flaw, and the Pennsylvania Department of Corrections is a human institution, but the incentives for inmates to file prison condition complaints and the lack of disincentives to do so combine to result in the large majority of the inmate complaints not leading to the righting of any legal wrongs committed by corrections personnel or to the airing of a genuine dispute about best practices for the operation of prisons (which latter is not within the purview of the courts). Managing the large number of complaints to find the few needles in the haystack requires that inmates, even when proceeding *pro se*, comply with court orders to move litigation to trial or disposition on motion. When the Pennsylvania Department of Corrections and the Attorney General's office have to go to the length of presenting a thorough investigation and defense and the plaintiff (who previously repeatedly sought default judgments in the incorrect belief that defendants were somehow delinquent in responding to

4

him) simply walks away from the litigation, a court should not be required to issue repeated invitations to plaintiff to set out his case. Whether one looks at defendants' account as an unopposed motion for summary judgment or examines plaintiff's litigation conduct under the <u>Poulis</u> standard this matter should be dismissed with prejudice.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 23 February 2016

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

Craig Kinard FW-4379
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510